UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COUNTY OF COOK, ILLINOIS ) | |
|       Plaintiff, ) | **Case No. 1: 14-cv-09548** |
| v. ) | |
| ) | Judge Gary Feinerman |
| WELLS FARGO & CO., WELLS FARGO ) | |
| FINANCIAL, INC., WELLS FARGO ) | |
| Bank, N.A., and WELLS FARGO "John ) | |
| Doe" CORPS 1-375 | |
|       Defendants. | |

**INITIAL STATUS REPORT**

NOW COMES, Plaintiff, Cook County, and Defendants, Wells Fargo et al., by and through their attorneys, pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1, to submit this joint initial status report in the above-captioned matter.

**A. Nature of the Case**

    **1. Attorneys of Record.**

Plaintiff, County of Cook, is represented by Anita Alvarez, State's Attorney for Cook County, and Special Assistant State's Attorneys' James D. Montgomery Sr. and James M. Evangelista, and additional Special Assistant State's Attorneys' James D. Montgomery Jr., John K. Kennedy, Michelle M. Montgomery, Daniel A. Dailey, Darren Penn, Jeff Harris, David Worley and Leslie Toran.

Defendants are represented by Robert Y. Sperling (lead trial counsel), Elizabeth P. Papez, Joseph L. Motto, and Christopher J. Letkewicz of Winston & Strawn LLP; and John T. Roache and Sara E. Fletcher of K&L Gates LLP.

    **2. Basis for federal jurisdiction.**

Plaintiff asserts federal jurisdiction pursuant to 28 U.S.C. 1331 (federal question jurisdiction) for alleged violations of 42 U.S.C. 36041 et al. (the Fair Housing Act).

    **3. Nature of claim(s) and any counterclaim(s), including the amount of damages and other relief sought.**

Plaintiff alleges that since approximately 2000 to the present, the Defendants violated and continue to violate the federal Fair Housing Act through discriminatory housing practices referred to as "equity stripping." Plaintiff alleges that the practices involve Defendants' interrelated mortgage lending, mortgage securitization, mortgage loan servicing and mortgage

foreclosure activities and that Defendants have intentionally targeted minority borrowers for higher cost and other non-prime mortgage loans on terms less favorable to similarly situated non-minority borrowers. As a result of the higher cost and discriminatory terms of the mortgage loans themselves, the concentration of those loans in minority neighborhoods, and/or the manner in which Defendants have serviced and foreclosed on such loans, Plaintiff alleges that its minority neighborhoods have suffered from increased foreclosures and concentrations of foreclosures. As a result, Plaintiff alleges that it has been damaged by the: (1) segregative effect on the fabric of Plaintiff's communities, leading to urban blight; (2) forced reallocation of Plaintiff's limited financial and human resources within its organizational structure; and (3) direct and indirect financial harm, including the loss of tax revenue, the deterioration of the tax base, and the need to incur various out-of pocket expenditures. Plaintiff seeks actual and punitive damages, attorneys' fees and injunctive relief.

Defendants do not presently assert any counterclaims but reserve all rights to seek appropriate relief, including recoupment of attorney fees and expenses associated with this litigation.

**4. Whether Defendant will answer the complaint, or alternatively, whether the Defendant will plead the complaint.**

Defendants will file a motion to dismiss under Fed.R.Civ.P. 12(b) on January 26, 2015.

**5. Principal legal and factual issues.**

Based upon the allegations and claims asserted in Plaintiff's Complaint (Dkt. No. 1, Nov. 28, 2014), and with express reservation of all rights to assert additional legal or factual defenses to Plaintiff's claim in compliance with the Federal Rules of Civil Procedure, the Local Rules of the District Court for the Northern District of Illinois, and any orders of this Court, Defendants identify the following principal legal and factual issues:

- Whether this Court lacks subject matter jurisdiction over the claim asserted in Plaintiff's complaint;
- Whether Plaintiff has standing to pursue the claim asserted in Plaintiff's complaint;
- Whether Plaintiff's Complaint states a claim upon which relief can be granted;
- Whether Plaintiff's claim is barred in whole or part by the doctrines of res judicata or claim preclusion;
- Whether Plaintiff's claim is barred in whole or in part by the applicable statute of limitations;
- Whether disparate impact claims are cognizable under the Fair Housing Act;
- Whether each of the named and "Doe" defendants engaged in the practices alleged in the Complaint;
- Whether Defendants targeted the unspecified borrowers referenced in the Complaint for "predatory" or other challenged loans "because of" the borrowers' race or gender;
- Whether Defendants' challenged lending practices proximately caused any of Plaintiff's claimed damages, or whether such damages were the result of intervening, supervening, or other interceding causes, third party conduct, or other actions or events; and
- Whether Defendants are liable for the alleged damages asserted in Plaintiff's Complaint.

In addition, Defendants identify the following relevant cases, which were resolved by way of consent judgment: *People of The State of Illinois v. Wells Fargo Bank and Co., et al.*, No. 09 CH 26434 (Cook County Circuit Ct. July 12, 2012); *United States of America v. Bank of America Corp., et al.*, No. 12-cv-361 (D.D.C. April 4, 2012); *United States of America v. Wells Fargo Bank, NA*, No. 12-cv-1150 (D.D.C. Sept. 21, 2012).

Plaintiff identifies the following Fair Housing Act cases pending in this district with similar principal legal and factual issues:

- *County of Cook v. HSBC N. Am Holdings, Inc et al.,* No. 1:14-CV-02031 (N.D.IL. March 31, 2014) (Lee, J.) (defendants' motion to dismiss is pending);

- *County of Cook v. Bank of America Corp. et al.,* 1:14-CV-02280 (N.D.IL March 31, 2014) (Bucklo, E.) (defendants' motion to dismiss is pending);

Plaintiff further identifies the following Fair Housing Act cases in other jurisdictions that have relatively similar principal legal and factual issue:

- *City of Los Angeles v. Wells Fargo, et al.,* No. 2:13-CV-9007, 2014 WL 2206368 (C.D. Cal. May 28, 2014) (Wright III, O.) (defendants' motion to dismiss denied, discovery proceeding);[1]

- *City of Miami v. Wells Fargo & Co.,* No. 1:13–cv–24508–WPD (S.D. Fla. July 9, 2014) (Dimitrouleas, W.) (defendants' motion to dismiss granted, without leave to amend), *on appeal,* No. 14-14544 (Oct. 20, 2014 11th Cir.);[2]

- *City of Miami Gardens v. Wells Fargo* & Co. et al., 14-cv-22203 (Moreno, J.) (defendants' motion to dismiss granted, with leave to amend but *stayed pending appeal* of *City of Miami v. Bank of America Corp.*, No. 14-14543 (11th Cir.));

- *City of Memphis v. Wells Fargo Bank, N.A.,* 2011 WL 1706756 (W.D. Tenn. 2011) (Anderson, S.) (defendants' motion to dismiss denied, litigation settled);

---

[1] *See also City of Los Angeles v. Bank of America Corp. et al.,* No. 2:13-CV-9046, 2014 WL 2770083 (C.D. Cal. June 12, 2014) (Anderson, P.) (defendants' motion to dismiss denied, discovery proceeding); *City of Los Angeles v. CitiGroup Inc., et al.,* No. 2:13-CV-9009, 2014 WL 2571558 (C.D. Cal. June 9, 2014) (Wright III, O.) (defendants' motion to dismiss denied, discovery proceeding).

[2] *See also City of Miami v. Bank of America Corp.*, 2014 WL 3362348, (S.D. Fla. July 8, 2014) (Dimitrouleas, W.) (defendants' motion to dismiss granted without leave to amend) , *on appeal,* No. 14-14543 (Oct. 8, 2014 11th Cir.); *City of Miami v. CitiGroup Inc. et al.,* No: 1:13- CIV-24510 (S.D. Fla. July 9, 2014) (Dimitrouleas, W.) (defendants' motion to dismiss granted without leave to amend), *on appeal,* No. 14-14706 (Oct. 20, 2014 11th Cir.).

- *Mayor & City Council of Baltimore v. Wells Fargo Bank, N.A.,* 2011 WL 1557759 (D. Md. Apr. 22, 2011) (Motz, J.) (defendants' motion to dismiss third amended complaint denied, litigation settled); and

- *DeKalb Cty., et al. v. HSBC N. Am. Holdings, Inc., et al.,* No. 1:12-CV-03640-SCJ, 2103 WL 7874104 (N.D. Ga. Sept. 25, 2013) (Jones, S.) (defendants' motion to dismiss denied, in discovery).

**6. Which Defendants have been served with process.**

All defendants have been served.

B. **Proceedings to Date**

1. **Summary of Substantive Rulings:**

None to date.

2. **Description of all pending motions, including date of filing and briefing schedule.**

None to date. Defendants' motion to dismiss will be filed on January 26, 2015.

C. **Discovery and Case Plan**

1. **Summary of discovery, formal and informal, that has already occurred**.

There has been no formal or informal discovery to date.

2. **Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.**

The parties anticipate a substantial amount of electronic discovery. The parties will meet and confer to establish an appropriate ESI protocol, along with a discovery schedule, within 30 days after the Court's ruling on Defendants' forthcoming motion to dismiss.

3. **Proposed scheduling order.**

 a. Rule 26 (a) (1) disclosures deadline.

The parties agree, subject to the Court's modification, to continue the service of initial disclosures to a date 45 days from date of the Court's ruling on Defendants' forthcoming motion to dismiss.

 b. Deadline for issuing written discovery requests.

The parties agree to meet and confer to establish an appropriate discovery schedule, including the deadline for issuing written discovery requests, within 30 days after the Court's ruling on Defendants' forthcoming motion to dismiss.

  c. <u>Deadline for completing fact discovery</u>.

The parties agree to meet and confer to establish an appropriate discovery schedule, including the deadline for completing fact discovery, within 30 days after the Court's ruling on Defendants' forthcoming motion to dismiss.

  d. <u>Whether discovery should proceed in phases</u>.

The parties agree to meet and confer to establish an appropriate discovery schedule, including whether discovery should proceed in phases, within 30 days after the Court's ruling on Defendants' forthcoming motion to dismiss.

  e. <u>Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a) (2) disclosures an expert depositions</u>.

The parties anticipate substantial expert discovery. The parties further agree to meet and confer to establish an appropriate discovery schedule, including expert discovery deadlines, within 30 days after the Court's ruling on Defendants' forthcoming motion to dismiss.

  f. <u>Deadline for amending the pleadings and bringing in third parties</u>.

Plaintiff believes that any deadline for amending the pleadings and adding additional parties cannot be set until after fact discovery has closed. Defendants believe there should be a deadline for amending the pleadings and adding additional parties prior to the close of fact discovery pursuant to a date mutually agreed by the Parties or set by order of the Court.

  g. <u>Deadline for filing dispositive motions</u>.

Plaintiff believes that dispositive motions should be filed within 30 days after the date of the close of fact and expert discovery. Defendants believe that dispositive motions should be filed within 60 days after the date of the close of fact and expert discovery.

**4. Whether there has been a jury demand.**

Plaintiff has demanded trial by jury.

**5. Estimated Length of Trial.**

Plaintiff estimates a 3-4 week trial.

**D. <u>Settlement</u>**

**1. Describe settlement discussions to date and whether those discussions remain ongoing**.

Prior to filing the complaint counsel for the parties engaged in discussions regarding the possibility of a pre-litigation resolution of Plaintiff's claims. Those discussions, which are not ongoing, occurred in January 2014, March through July 2014, and again in November 2014.

### E. Magistrate Judge

**1. Whether the parties consent to proceed before a magistrate judge for all purposes.**

Neither of the parties presently consents to proceed before a magistrate judge, and there have been no matters pending before any magistrate judge.

Dated: January 23, 2015

_/s/ Daniel A. Dailey  
*Counsel for Plaintiff*  
James D. Montgomery, Sr.  
James D. Montgomery, Jr.  
Michelle M. Montgomery  
John K. Kennedy  
Daniel A. Dailey  
JAMES D. MONTGOMERY &  
ASSOCIATES LTD.  
One North LaSalle Street, Suite 2450  
Chicago, IL 60602  
Phone: (312) 977-0200  
Fax: (312) 977-0209  
ddailey@jdmlaw.com

James M. Evangelista (*pro hac vice*)  
Jeffrey R. Harris (*pro hac vice*)  
Darren W. Penn (*pro hac vice*)  
David J. Worley (*pro hac vice*)  
Leslie G. Toran (*pro hac vice*)  
HARRIS PENN LOWRY, LLP  
400 Colony Square, Suite 900  
1201 Peachtree Street, NE  
Atlanta, GA  
Phone (404) 961-7650  
Fax: (404) 961-7651  
jim@hpllegal.com

_/s/ Robert Y. Sperling__  
*Counsel for Defendants*  
Robert Y. Sperling  
Joseph L. Motto  
Christopher J. Letkewicz  
WINSTON & STRAWN LLP  
35 West Wacker Dr.  
Chicago, IL 60601-9703  
Phone: (312) 558-5600  
rsperling@winston.com

Elizabeth P. Papez (*pro hac vice application pending*)  
WINSTON & STRAWN LLP  
1700 K Street NW  
Washington, DC 20006  
Phone: (202) 282-5678

John T. Roache  
Sara E. Fletcher  
K&L GATES LLP  
Three First National Plaza  
70 West Madison Street, Suite 3000  
Chicago, IL 60602-4207  
Phone: (312) 372-1121  
Fax: (312) 827-8000

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 23, 2015, I caused a true and correct copy of the foregoing to be served upon counsel of record by electronic filing.

                    /s/    Daniel A. Dailey