## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COUNTY OF COOK, | ) | |
| | ) | Case No. 14-cv-9548 |
| Plaintiff, | ) | |
| v. | ) | Hon. Gary Feinerman |
| | ) | |
| WELLS FARGO & CO., et al., | ) | Mag. Judge Mary Rowland |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Wells Fargo & Co., Wells Fargo Financial, Inc., and Wells Fargo Bank, N.A., write to bring to this Court's attention the United States Supreme Court's June 25, 2015 opinion in *Texas Department of Housing & Community Affairs v. The Inclusive Communities Project, Inc.* (No. 13-1371), a copy of which is appended to this notice.

*Inclusive Communities* recognized disparate-impact liability under the Fair Housing Act, but imposed significant and "necessary" limitations on its application to "protect potential defendants against abusive disparate-impact claims." Slip op. at 21. The Court directed lower courts to "examine with care" disparate-impact claims "at the pleading stage," emphasizing that "prompt resolution of these cases is important." *Id*. In particular, the Court held that a "racial imbalance does not, without more, establish a prima facie case of disparate impact," and a plaintiff can no longer maintain a disparate-impact claim by pleading a mere "statistical disparity." *Id.* The Court further held that, at the pleading stage, courts must apply a "robust causality requirement" linking the challenged practice to the alleged statistical disparity. *Id.* at 20. "Adequate safeguards at the prima facie stage" are necessary to avoid "abusive disparate-impact claims." *Id.* at 20-21.

The County's complaint raises just the types of disparate-impact claims *Inclusive Communities* instructed lower courts to dismiss at the pleading stage. *Id*. at 21. Although addressing the cause of the location of housing developments rather than the cause of foreclosures, the Court's language is instructive: "It may also be difficult to establish causation because of the multiple factors that go into investment decisions about where to construct or renovate housing units." *Id.* at 20-21. The County's claims—which turn on alleged discrimination against third parties not before the court—do not withstand the "robust causality requirement" imposed by *Inclusive Communities*.

The complaint also fails to identify any Wells Fargo policy within the Fair Housing Act's two-year limitations period that caused any alleged statistical disparity, which (in addition to mandating dismissal on statute of limitations grounds) contradicts the essence of a disparate-impact claim as articulated by the Supreme Court. As the Court held, disparate-impact remedies "should concentrate on the elimination of the offending practice." *Id.* at 22. Here, the County identifies no current business practice to be eliminated, but simply makes broad, conclusory allegations (such as "equity stripping") and seeks a financial windfall.

The careful pleading stage analysis of disparate-impact claims required by *Inclusive Communities* lends additional support to the arguments presented in Defendants' Motion to Dismiss. The Defendants would be pleased to submit a supplemental brief addressing the impact of *Inclusive Communities* on this case if the Court would find it helpful.

Dated:   Chicago, Illinois          Respectfully submitted,
         July 2, 2015

                                    KATTEN MUCHIN ROSENMAN LLP


                                    BY:    /s/ Sheldon T. Zenner

                                    Sheldon T. Zenner
                                    Sheldon.Zenner@kattenlaw.com
                                    David C. Bohan
                                    David.Bohan@kattenlaw.com
                                    Peter G. Wilson
                                    Peter.Wilson1@kattenlaw.com
                                    525 W. Monroe Street
                                    Chicago, Illinois 60661-3693
                                    Tel: (312) 902-5200
                                    Fax: (312) 902-1061


                                    K&L GATES LLP

                                    John T. Roache
                                    Sara E. Fletcher
                                    Three First National Plaza
                                    Chicago, Illinois 60602-4207

                                    Paul F. Hancock
                                    200 South Biscayne Blvd., Suite 3900
                                    Miami, Florida 33131-2399

                                    *Attorneys for Defendants*