# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| COUNTY OF COOK, | ) | |
| | ) | Case No. 14-cv-9548 |
| Plaintiff, | ) | |
| v. | ) | Hon. Gary Feinerman |
| | ) | |
| WELLS FARGO & CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR PROTECTIVE AND CONFIDENTIALITY ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff County of Cook, Illinois and Defendants Wells Fargo & Co., Wells Fargo Financial, Inc., and Wells Fargo Bank, N.A. (collectively, the "Parties"), by and through their undersigned attorneys, hereby jointly move for entry of the attached proposed Agreed Protective and Confidentiality Order ("Confidentiality Order") regarding the protection and confidentiality of discovery material in this litigation. In support of this Motion, the Parties state as follows:

1.      The claims alleged in this matter concern allegedly discriminatory housing practices on the part of Defendants. The Parties anticipate exchanging discovery that will include the exchange of information of a confidential nature entitled to protection from public disclosure. Specifically, discovery activity in this litigation is likely to involve production of confidential information, including private information of non-party consumers for which special protection from public disclosure is required by law. For example, the Gramm-Leach-Bliley Act ("GLBA"), Pub. L. No. 106-102, 113 Stat. 1338 (1999), prohibits financial institutions like Wells Fargo from releasing to nonaffiliated third parties or otherwise making public their customers' sensitive financial information, except in limited defined circumstances (e.g., to comply with discovery requests in a judicial process such as this litigation). *See* 15 U.S.C. §

6802(e).  Where a financial institution like Wells Fargo is compelled to release the sensitive financial information of its customers to a nonaffiliated third party, the GLBA limits the reuse of the information and expressly prohibits the nonaffiliated third party that recieves such information from the financial institution from further disclosing or otherwise making public the information.  *See* 15 U.S.C. § 6802(c). Discovery activity in this litigation is also likely to involve production of business proprietary information for which special protection from public disclosure is warranted under governing legal principles.  Protection of such confidential information is necessary so that such information cannot be used for any purpose other than prosecuting or defending this litigation.

2.      The unrestricted disclosure of such information would cause undue damage to the Parties, their businesses, and non-party consumers.  In particular, the Parties seek to avoid the wrongful disclosure of sensitive financial information and business records that may be contained in files or records in the possession, custody, or control of Plaintiff, Defendants, or third parties from whom the Parties seek discovery.

3.      Thus, good cause exists for the Court to enter the Confidentiality Order, which permits the Parties to, *inter alia*, file confidential documents under seal.  The entry of the Confidentiality Order will permit the exchange of the information covered by the Confidentiality Order by the Parties for the purpose of preparing their claims and defenses in this litigation without risk of that information becoming generally known.  Such a Confidentiality Order will also allow the Parties to expeditiously obtain records from third parties.

4.      A copy of the proposed Confidentiality Order is attached hereto as **Exhibit A**.

5.      The Parties agree that the attached proposed Confidentiality Order will protect the confidentiality of the confidential information and believe that its entry will promote "the just,

301529746 v6

speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. The terms of the

proposed Confidentiality Order will not bind the Court, and the Court may alter the terms of the

Confidentiality Order *sua sponte*.

Dated: Chicago, Illinois         Respectfully submitted,
       April 11, 2018


EVANGELISTA WORLEY, LLC      KATTEN MUCHIN ROSENMAN LLP

BY: /s/ James M. Evangelista      BY: /s/ Sheldon T. Zenner

James M. Evangelista (GA Bar 707807)  Sheldon T. Zenner
Jim @ewlawllc.com            Sheldon.Zenner@kattenlaw.com
David J. Worley (GA Bar 776665)     David C. Bohan
David@ewlawllc.com           David.Bohan@kattenlaw.com
8100 A Roswell Road, Suite 100     Peter G. Wilson
Atlanta, GA 30350            Peter.Wilson1@kattenlaw.com
Phone: (404) 205-8400         525 W. Monroe Street
                       Chicago, Illinois 60661-3693
JAMES D. MONTGOMERY &      Tel: (312) 902-5200
ASSOCIATES              Fax: (312) 902-1061
James D. Montgomery, Sr.,
James@jdmlaw.com
One North Lasalle Street, Suite 2450  K&L GATES LLP
Chicago, IL 60602           Paul F. Hancock
Phone: 312-977-0200          Paul.hancock@klgates.com
                       200 South Biscayne Blvd., Suite 3900
                       Miami, Florida 33131-2399
MILBERG TADLER PHILLIPS     Tel: (305) 539-3378
GROSSMAN LLP
Sanford Dumain            *Attorneys for Defendants*
Sdumain@milberg.com
Peggy Wedgworth
pwedgworth@milberg.com
Melissa Ryan Clark
mclark@milberg.com
Jennifer Czeisler
jczeisler@milberg.com
J. Birt Reynolds
breynolds@milberg.com
One Pennsylvania Plaza, Suite 1920
New York, NY 10119
Phone: 212-594-5300

*Attorneys for Plaintiff*

301529746 v6

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2018, I electronically filed the foregoing motion with the Clerk of Court for the United States District Court of the Northern District of Illinois by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ John K. Kennedy
John K. Kennedy, Attorney