UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COUNTY OF COOK, | ) | |
| | ) | Case No. 14-cv-9548 |
| Plaintiff, | ) | |
| v. | ) | Hon. Gary Feinerman |
| | ) | |
| WELLS FARGO & CO., et al., | ) | Mag. Judge Mary Rowland |
| | ) | |
| Defendants. | ) | |

**COUNTY OF COOK'S SUPPLEMENTAL SUBMISSION IN RESPONSE TO COURT'S QUESTION REGARDING HOW A FORECLOSURE AFFECTS A PROPERTY VALUE**

Plaintiff County of Cook ("County"), by and through its undersigned attorneys, respectfully offers this supplemental submission in response to the Court's question at the July 23, 2019 hearing regarding how a foreclosure affects the value of a property. Transcript of Proceedings Before the Honorable Gary Feinerman, dated July 23, 2019 at 27:4–5 ("The Court: [] But what about the foreclosure inexorably reduces the value of the property?") (attached as Exhibit A).

The Cook County Assessor ("Assessor") and the Cook County Review Board are both required by law to incorporate foreclosure sales prices when assessing property value. 35 ILCS 200/16-65. A foreclosure sale is a "compulsory sale"[1] that the Illinois Property Tax Code mandates assessment officials to include in their review and correction of assessments. *See* 35 ILCS 200 *et seq*. Illinois law requires foreclosure sales to be considered "for the purpose of revising and correcting assessments, including those compulsory sales of comparable properties

---

[1] "Compulsory sale" means "(i) the sale of real estate for less than the amount owed to the mortgage lender or mortgagor, if the lender or mortgagor has agreed to the sale, commonly referred to as a 'short sale' and (ii) the first sale of real estate owned by a financial institution as a result of a judgment of foreclosure, transfer pursuant to a deed in lieu of foreclosure, or consent judgment, occurring after the foreclosure proceeding is complete." 35 ILCS 200/1-23.

submitted by the taxpayer." 35 ILCS 200/16-183.[2] Thus, as a matter of law, foreclosure sales inexorably reduce the value of properties foreclosed on and foreclosures of surrounding properties inexorably reduce the value of individual properties. The specific amount of value changes are calculated through regression analysis conducted by experts, like the Assessor.[3]

Indeed, foreclosure sales are particularly important in assessing property values where high concentrations of foreclosures have occurred. This is because the Assessor's computerized regression models calculate property values based on location and on the sales prices of surrounding properties, necessarily including surrounding foreclosure sales.[4] In fact, property sales data is the most critical variable in the proximate cause analysis here because the other primary factors in determining property values -- *e.g.*, "building square footage," "land square footage," "number of full bathrooms," "number of rooms," "finished basement," "age," "exterior

---

[2] Section 16-65 of the Illinois Property Tax Code also states: "the board of review, in conjunction with the chief county assessment officer, shall determine the number of compulsory sales from the prior year for the purpose of revising and correcting assessments." 35 ILCS 200/16-65. *See also* Amended Final Administrative Decision Illinois Property Tax Appeal Board, No. 15-32923.001-R-1 (Feb. 13, 2019), at 2 (attached as Exhibit B) (finding that appellant's property purchased in foreclosure from Wells Fargo Bank, N.A. was a "compulsory sale" and that the foreclosure price was "the best evidence of market value.").

[3] The regression analysis performed by the County's expert will be able to isolate different variables to determine the impact of the foreclosures on property values.

[4] *See, e.g., Valuation Reports, Cook County Assessor's Office: 2019 North Triad Assessment, Norwood Park Residential Assessment Narrative* (Mar. 11, 2019), Cook County Assessor's Office, Fritz Kaegi, Assessor, *available at* http://www.cookcountyassessor.com/assets/forms/NorwoodParkResidential.pdf (attached as Exhibit C, slide 11); *Chi. Tribune Co. v. Cook Cnty. Assessor's Office*, 109 N.E.3d 872, 876 (2018). The Court may take judicial notice of such matters. *See, e.g., City of E. Peoria v. Prop. Tax Appeal Bd.*, 2018 IL App (3d) 160689-U, ¶ 34 (stating that "public agency reports and public records are subject to judicial notice.").

wall construction," and "garage"[5] -- don't change materially over the time frame at issue and, therefore, cannot constitute "intervening factors" in any proximate cause analysis.

There is clearly at least "some direct relation between the injury asserted" – the decline in County's property values – "and the injurious conduct alleged" – Wells Fargo's discriminatory housing practices causing the concentrations of foreclosures in the County. *Bank of America Corp. v. City of Miami*, 137 S.Ct. 1296, 1306 (2017); *City of Miami v. Wells Fargo & Co.*, 923 F.3d 1260, 1264 (11th Cir. Fla. May 3, 2019). At this stage of the proceedings, the County should have the opportunity to demonstrate the causation and the amount of is tax-base damages at trial through expert testimony that will include regression analyses of the County's impacted property values.[6]

Dated: August 5, 2019                                                Respectfully Submitted,

By: /s/ *James M. Evangelista*

**KIMBERLY M. FOXX,
STATE'S ATTORNEY FOR COOK
COUNTY**

James M. Evangelista
*jim@ewlawllc.com*
David J. Worley
*david@ewlawllc.com*
Kristi Stahnke McGregor
*kristi@ewlawllc.com*

---

[5] *Id*.

[6] The sufficiency of the County's evidence establishing "some direct relation" between the alleged discriminatory conduct of Wells Fargo and the County's tax base related damages is a question of fact that is not appropriate for resolution in a motion to dismiss. *Conyers 138, LLC v. ONH1, LLC*, 801 S.E.2d 318, 320 (2017) (stating that what value of property in foreclosure sale "is, or may have been, is a question of fact to be resolved as others are."); *Wall v. Domnick Cunningham & Whalen, PLLC*, No. 17 Civ. 5372 (GF), 2017 U.S. Dist. LEXIS 195235, at *10 (N.D. Ill. Nov. 28, 2017) (Feinerman, J.) (quoting *Buschmann v. Prof'l Men's Ass'n*, 405 F.2d 659, 663 (7th Cir. 1969)) ("[I]t is well settled that it is improper for a court to decide a question of fact on a motion to dismiss for failure to state a claim.").

Evangelista Worley, LLC
8100A Roswell Road
Suite 100
Atlanta, GA 30350
(404) 205-8400

*Special Assistant State's Attorneys*


Sanford P. Dumain (*pro hac vice*)
Peggy J. Wedgworth (*pro hac vice*)
Jennifer S. Czeisler (*pro hac vice*)
J. Birt Reynolds (*pro hac vice*)
Roy Shimon (*pro hac vice*)
Dolgora D. Dorzhieva (*pro hac vice*)
Ezra Salami (*pro hac vice*)
**MILBERG PHILLIPS GROSSMAN LLP**
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Phone: (212) 594-5300

*Additional Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above and foregoing PLAINTIFF'S SUPPLEMENTAL SUBMISSION IN RESPONSE TO COURT'S QUESTION REGARDING HOW A FORECLOSURE AFFECTS A PROPERTY VALUE on all parties by causing a true and correct copy to be filed with the court's electronic filing system, which should automatically send a copy to all counsel of record.

Dated: August 5, 2019   /s/ *James M. Evangelista*
James M. Evangelista