UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTY OF COOK, ILLINIOIS, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 9548 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| WELLS FARGO & CO., WELLS FARGO FINANCIAL, INC., WELLS FARGO BANK, N.A., and WELLS FARGO "JOHN DOE" CORPS. 1-375, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The 6/13/2018 scheduling order set, among other things, a 11/6/2018 deadline to serve written discovery requests, a 12/4/2018 document production deadline, and a 1/29/2019 fact discovery deadline. Doc. 175. The 11/5/2018 scheduling order amended the schedule to provide for, among other things, a 6/10/2019 deadline for issuing written discovery requests, an 8/5/2019 document production deadline, and a 9/26/2019 fact discovery deadline. Doc. 205. On 7/18/2019, the parties jointly moved to further extend the schedule, proposing a 12/5/2019 document production deadline and a 5/5/2020 fact discovery deadline. Doc. 235 at 3. The parties did not propose a new deadline for issuing written discovery requests, which the 11/5/2018 order had set as 6/10/2019, but they did explain that the five-month period between the new document production deadline and the new fact discovery deadline was "necessary because the Parties expect to review and analyze the produced documents in order to engage in follow-up discovery and take various depositions, including [Rule] 30(b)(6) depositions." *Ibid*. The 7/23/2019 order adopted the parties' proposed revised schedule. Doc. 238.

Cook County served requests for admission, document requests, and interrogatories on Wells Fargo in August and September 2019, and Wells Fargo objected on the ground that they

1

were untimely, having been served after the 6/10/2019 deadline. Doc. 279-2 at 2; Doc. 279-3. Cook County moved to compel, arguing that the 7/23/2019 order, in extending the fact discovery deadline from 9/26/2019 to 5/5/2020, necessarily extended the deadline for issuing written discovery requests. Doc. 279. Wells Fargo's opposition brief argues that the 6/10/2019 deadline for issuing written discovery requests remains in place and forecloses the parties from serving additional requests. Doc. 281.

The correct answer lies somewhere in between. As a general matter, the 7/23/2019 order left in place the 11/5/2018 order's 6/10/2019 deadline for serving written discovery requests. If Cook County wanted to extend that deadline, it should have sought such an extension when it moved to extend the other deadlines in July 2019; the County knew that the two prior scheduling orders had set a deadline for serving written discovery requests, so it must have (or absolutely should have) known that the deadline would remain in place unless extended. That said, the parties' joint motion did say that the five-month period between the new 12/5/2019 document production deadline and the new 5/5/2019 fact discovery deadline was "necessary because the Parties expect to review and analyze the produced documents in order to engage in follow-up discovery *and* take various depositions, including [Rule] 30(b)(6) depositions." Doc. 235 at 3 (emphasis added). By that, the parties plainly meant that further written discovery would be allowed—in context, the term "follow-up discovery" did not include depositions and thus must have referred to written discovery—but that it would be limited to discovery requests following up on documents produced and information provided during the second half of 2019. That makes perfect sense: When in July 2019 the parties moved to amend the schedule, discovery had been proceeding for over a year, so the additional written discovery (implicitly) permitted by the 7/23/2019 order would not be written discovery that the parties previously could have sought—

2

such as discovery regarding the basis for the affirmative defenses Wells Fargo filed way back in April 2018, Doc. 162—but rather written discovery that follows up on documents produced and information provided during the second half of 2019. As discussed at yesterday's motion hearing, follow-up discovery also includes post-6/10/2019 efforts to obtain documents or information encompassed in written discovery requests served prior to 6/10/2019.

The foregoing applies to requests for admission, which are a written discovery device. *See* Fed. R. Civ. P., Table of Rules (placing Rule 36 in Title V, which addresses disclosures and discovery); Fed. R. Civ. P. 36, 1970 Amendment Advisory Committee Note (consistently referring to Rule 36 as a discovery rule); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 605 n.2 (7th Cir. 2002) (noting that "Rule 29 seems to contemplate that requests for admission are a discovery device"); *Dinkins v. Bunge Milling, Inc.*, 313 F. App'x 882, 884 (7th Cir. 2009) (holding that requests for admission were subject to the district court's discovery deadline); *Finnerman v. Daimler Chrysler Corp.*, 2017 WL 4772736, at *4 (N.D. Ill. Oct. 23, 2017) (same). The foregoing also applies to document subpoenas served on non-parties. *See Dreyer v. GACS Inc.*, 204 F.R.D. 120, 122-23 (N.D. Ind. 2001) (holding that Rule 45 document subpoenas are discovery subject to the court's scheduling order); Fed. R. Civ. P. 26(c)(1) ("A party *or any person from whom discovery is sought* may move for a protective order … .") (emphasis added).

Accordingly, Cook County's motion to compel is denied insofar as its post-6/10/2019 written discovery requests are not follow-up discovery, and is granted insofar as its post-6/10/2019 written discovery requests are follow-up discovery. If any of Cook County's requests for admission are deemed follow-up discovery, Wells Fargo will have three weeks to answer

3

them. The parties shall confer regarding how each of Cook County's written discovery requests should be classified, and may bring any disputes to the court for resolution.

November 1, 2019

_____
United States District Judge