UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COUNTY OF COOK, ) | |
| ) | Case No. 1:14-cv-09548 |
| Plaintiff, ) | |
| ) | Hon. Gary Feinerman |
| v. ) | |
| ) | |
| ) | |
| WELLS FARGO & CO., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Defendants Wells Fargo & Co., Wells Fargo Financial, Inc., and Wells Fargo Bank, N.A. (collectively, "Defendants" or "Wells Fargo") through their undersigned counsel, and pursuant to Local Rule 26.2 of the Local Rules of the United States District Court for the Northern District of Illinois and in accordance with the protective order entered in this case on April 13, 2018, respectfully move this Court for entry of an order granting Defendants leave to file under seal portions of Defendants' Reply in Support of Motion for Summary Judgment and Defendants' Responses to Plaintiff's Local Rule 56.1(B)(3) Statement of Additional Material Facts on Summary Judgment. In support of their Motion, Defendants state as follows:

1. On February 28, 2022, Defendants filed a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure and Northern District of Illinois Local Rule 56.1 seeking the entry of an order granting summary judgment in favor of defendants and against County of Cook, Illinois (the "County"). (Dkt. No. 617)

2. The County filed its response in opposition on April 28, 2022 (Dkt. No. 679) (the "Response"). In connection with its Response, the County filed a Motion for Leave to File

Documents Under Seal (Dkt. No. 665), requesting leave to file certain documents under seal, some in their entirety and some only as to limited portions, including the Response and Plaintiff's Local Rule 56.1(B)(3) Statement of Additional Material Facts in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

3. On May 2, 2022, the Court entered an order granting the County's request. (Dkt. No. 688) (the "Order").

4. Defendants now request that the Court allow Defendants to file partially under seal their Reply in Support of Motion for Summary Judgment (the "Reply") and Responses to Plaintiff's Local Rule 56.1(B)(3) Statement of Additional Material Facts on Summary Judgment (the "RPSAMF").

5. The Reply and RPSAMF contain the same type of confidential information as the documents subject to the County's Motion for Leave to File Under Seal (Dkt. No. 665). The RPSAMF contains the same quotes that were redacted in Plaintiff's Local Rule 56.1(B)(3) Statement of Additional Material Facts in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. In addition, both the Reply and the RPSAMF contain summaries of and excerpts or quotes from Defendants' internal documents that contain proprietary and sensitive business information including Wells Fargo's home mortgage origination, servicing, or marketing strategies.

6. The Agreed-to Protective and Confidentiality Order instructs that any party wishing to file a document containing Confidential Information in connection with a motion, brief, or other submission to the Court must comply with the Northern District of Illinois' Local Rules. (ECF No. 160, ¶ 13)

7. Rule 26 of the Federal Rules of Civil Procedure provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); Northern District of Illinois Local Rule 26.2(b) provides that "[t]he court may for good cause shown enter an order directing that one or more documents be filed under seal."

8. In this case, good cause exists to maintain the Reply and RPSAMF under seal. Because the documents contain business strategies and methods of Defendants, they should not be placed in the public domain.

9. Information of this type consistently is deemed "confidential" by courts and the proper subject of a motion to seal. *See, e.g.*, *F.T.C. v. OSF Healthcare Sys.*, No. 11- cv-50344, 2012 WL 1144620, at *10–11 (N.D. Ill. Apr. 5, 2012) (granting defendants' request to maintain under seal, *inter alia*, information such as confidential discussions of goals and strategies, confidential performance and operation statistics and confidential content of meetings of the board of directors).

10. Defendants have identified and redacted from the publicly filed versions of the Reply and RPSAMF only those portions of the documents which contain confidential information and has made a good faith effort to avoid any excessive or unnecessary redactions. Defendants have made every effort to maintain the confidentiality of the documents it now seeks to file under seal, both in its business activities and throughout this case. Defendants' approach to discovery has been predicated on the understanding that confidential information would not be filed publicly by any party.

11. In compliance with Local Rule 26.2, Defendants will file the sealed versions of the Reply and RPSAMF provisionally and upon the Court's granting of this motion, will file a redacted, public record version of these documents.

12. Accordingly, Defendants request that this Court grant leave, pursuant to Local Rule 26.2 and in accordance with the Agreed-To Protective and Confidentiality Order, to file and maintain under seal the unredacted full versions of Defendants' Reply in Support of Motion for Summary Judgment and Defendants' Responses to Plaintiff's Local Rule 56.1(B)(3) Statement of Additional Material Facts on Summary Judgment.

WHEREFORE, Defendants Wells Fargo & Co., Wells Fargo Financial, Inc., and Wells Fargo Bank, N.A. respectfully request that this Court enter an order granting their Motion for Leave to File Under Seal.

Dated: May 27, 2022

Respectfully Submitted,

*/s/ Abram I. Moore*

K&L GATES LLP
Paul F. Hancock
Paul.Hancock@klgates.com
Olivia Kelman
Olivia.Kelman@klgates.com
200 South Biscayne Blvd., Suite 3900
Miami, Florida 33131-2399

Abram I. Moore
Abe.Moore@klgates.com
Nicole C. Mueller
Nicole.Mueller@klgates.com
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Tel: (312) 372-1211

5

KATTEN MUCHIN ROSENMNAN LLP
Sheldon T. Zenner
Sheldon.Zenner@katten.com
Peter G. Wilson
Peter.Wilson@katten.com
Nicola A. Bunick
Nicola.Bunick@katten.com
Sarah K. Weber
Sarah.Weber@katten.com
525 West Monroe Street
Chicago, Illinois 60661-3693
Tel: (312) 902-5200
Fax: (312) 902-1061

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2022, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by filing same through the Court's ECF/CM system.

*/s/ Abram I. Moore*