```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

| | |
|---|---|
| **COUNTY OF COOK,**<br><br>        Plaintiff,<br><br>    v.<br><br>**WELLS FARGO & CO.,** *et al.***,**<br><br>        Defendants. | **Case No. 14 C 9548**<br><br>**Judge Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

Almost nine years ago in 2014, the County of Cook filed this Fair Housing Act (the "FHA") case against Wells Fargo & Co., alleging "equity stripping" resulting from an amalgam of predatory and discriminatory activities dating back to 2003, including loan origination, loan servicing, and loan foreclosure activities. These activities according to Cook County violated the FHA. Wells Fargo moved for summary judgment which was granted. Cook County moves to alter or amend the judgment.

Pending at the same time as this case was *County of Cook v. Bank of America Corp, et al.,* 584 F.Supp. 3d 562 (N.D. Ill. Feb. 10, 2022) presided over by a different judge. Bank of America made the same motions in that case as Wells Fargo made in this case. The results in both cases were the same. The expert reports of the County's two experts were rejected, and summary judgment was granted to the banks. The only procedural difference is the County did not

seek to alter or amend as it did here, but instead filed a direct appeal to the Seventh Circuit.

On August 16, 2023, the Seventh Circuit affirmed the Summary Judgment issued in Bank of America. *County of Cook v. Bank of America Corporation,* 78 F.4th 970 (7th Cir. 2023). However, it decided the case on alternative grounds: a lack of proximate causation. The court specifically held that the claims of the County were too remote to be cognizable under the FHA. In so deciding the court noted that none of the specific arguments made by the County "matter[ed] to the outcome." The only correct plaintiffs would be the borrowers. The summary judgment was therefore affirmed.

Based on such clear precedent (the County has never sought to distinguish the Bank of America case), the summary judgment entered by Judge Feinerman is correct and the Motion to Alter or Amend denied.

## CONCLUSION

For the reasons stated herein, the Motion to Alter or Amend the orders striking the County's expert witness and the motion for summary judgment is denied.

**IT IS SO ORDERED.**

                                      Harry D. Leinenweber, Judge
                                      United States District Court

Dated: 9/20/2023